**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

BOARD OF TRUSTEES OF THE
NATIONAL ROOFING INDUSTRY
PENSION FUND, *et al.*,

    Plaintiffs,

vs.

A.W. FARRELL & SON, INC.,

    Defendant.

2:13–c v–00825–JCM–VCF

**ORDER**

Before the court is Defendant A.W. Farrell & Son, Inc.'s Motion to Stay (#15) and Supplemental Memorandum in Support of the Motion to Stay (#17). Plaintiffs Board of Trustees of the National Roofing Industry Pension Fund and National Roofers Union and Employers Joint Health and Welfare Fund filed an Opposition (#18); and, A.W. Farrell filed a reply (#19).

**I.     Background**

This matter involves a collective bargaining dispute under section 502 of the Employee Retirement Income Security Act, 29 U.S.C. § 1132, and section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. (Compl. (#1) at 1). Plaintiffs, who are pension, health, and welfare fund trustees for United Union of Roofers, Waterproofers, and Allied Workers Local 162 ("Local 162"), allege that Defendant A.W. Farrell & Son, Inc. breached its obligation under a collective bargaining agreement to make contributions and participate in a fund audit from 2006 to the present. (*Id.* at 3); (Def's Mot. Stay (#15) at 2:14–15). A.W. Farrell concedes that it had a collective bargaining agreement with Local 162 from 2006 to July 31, 2010, but denies that it had a collective bargaining agreement with Local 162 from August 1, 2010 to the present. (*See* Def.'s Mot to Dismiss (#9) at 5); (#15 at 2).

1  Before Plaintiffs filed their complaint in this matter, Local 162 filed an unfair labor practice
2  charge against A.W. Farrell with the National Labor Relations Board. *See A.W. Farrell & Son, Inc.*, 28-
3  CA-023502, 28-CA-060627, and 28-CA-062301. The same question that is at issue in this matter—
4  namely, whether A.W. Farrell had a collective bargaining agreement with Local 162 from August 1,
5  2010 to the present—was litigated by Local 162 before the National Labor Relations Board. *Id*. On
6  December 28, 2011, Administrative Law Judge Lana Parke ruled that A.W. Farrell did not have an
7  agreement with Local 162. *Id*. Local 162, however, appealed to the National Labor Relations Board,
8  which reversed Judge Parke's decision, and held that A.W. Farrell did, in fact, have an agreement with
9  Local 162 from August 1, 2010 to the present. *See A.W. Farrell & Son, Inc.*, 359 NLRB No. 154 (July
10 11, 2013).

11  Before the National Labor Relations Board overturned Judge Parke's decision, Plaintiffs filed
12 suit in this court. (#1). A.W. Farrell defends the action on two grounds. First, on June 28, 2013, A.W.
13 Farrell filed a motion to dismiss, arguing, in pertinent part, that this court lacks subject matter
14 jurisdiction to hear Plaintiffs' case. (*See* Def.'s Mot. Dismiss (#9) at 3) (citing *Laborers Health &*
15 *Welfare Trust Fund for N. Cal. v. Advanced Lightweight Concrete Co., Inc.*, 484 U.S. 539, 549–51
16 (1988). Second, on July 29, 2013, A.W. Farrell filed the instant motion, requesting this action to be
17 stayed until the U.S. Supreme Court reviews *Noel Canning v. NLRB*, 705 F.3d 490 (D.C. Cir. 2013),
18 *cert. granted*, 81 U.S.L.W. 3629 (U.S. June 24, 2013) (No. 12-1281). (Def.'s Mot. Stay (#15) at 3). In
19 *Noel Canning*, the D.C. Circuit held that the same Board that reversed Judge Parke's decision lacked a
20 properly constituted quorum under 29 U.S.C. § 160 because President Obama's January 4, 2012, recess
21 appointments to the Board violated the executive's appointment power under Article II, Section II,
22 Clause 3 of the U.S. Constitution. (*See id.*) (citing *Noel Canning*, 705 F.3d at 490). A.W. Farrell,
23 consequently, asks the court to stay this action until the U.S. Supreme Court decides whether the
24 Board's decision was valid. (*Id*.)

25

## II. Legal Standard

Because A.W. Farrell requests the court to stay proceedings pending the U.S. Supreme Court's review of *Noel Canning v. NLRB*, 705 F.3d 490 (D.C. Cir. 2013) *cert. granted*, 81 U.S.L.W. 3629 (U.S. June 24, 2013) (No. 12-1281), the court construes A.W. Farrell's request as a motion to stay pending appeal.[1] Federal Rule of Civil Procedure 62(c) provides that "the court may suspend" proceedings pending an appeal. "A stay pending appeal is always an extraordinary remedy." *Bhd. of Ry. & S.S. Clerks, et al. v. Nat'l Mediation Bd.*, 374 F.2d 269, 275 (D.C. Cir. 1996). The power to stay proceedings is soundly within the court's discretion and is incidental to the "power inherent in every court to manage the schedule of cases on its docket to ensure fair and efficient adjudication." *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936). In determining whether to grant a stay pending appeal, the court considers: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The first two factors of [this] standard are the most critical." *Nken*, 556 U.S. at 434.

## III. Analysis

A.W. Farrell's motion for a stay pending appeal is denied because A.W. Farrell has not satisfied the standard governing motions to stay pending appeal.

### A. *A.W. Farrell has not made a Strong Showing that it is Likely to Succeed on the Merits*

With regard to the first element, the court concludes that A.W. Farrell failed to make a strong showing that it is likely to succeed on the merits because, as the law and record stand, A.W. Farrell had

---

[1] A.W. Farrell argues that the court should apply the legal standard articulated by *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (E.D. Cal. 1997). The court declines to apply that standard because that case, and the authorities cited therein, addressed stays within the context of multidistrict litigation, which is irrelevant here. *See Rivers*, 980 F. Supp. at 1360. *See also Orquiza v. Walldesign, Inc.*, No. 2:11–CV–1374 JCM (CWH), 2013 WL 4039409, at *1 (D. Nev. Aug. 6, 2013) (order by Judge Mahan applying the standard above).

3

a collective bargaining agreement with Local 162 for the entire period in question. For the period before July 31, 2010, A.W. Farrell has conceded that it had a collective bargaining agreement with Local 162. (*See* Def.'s Mot. Dismiss (#9) at 2) ("AWF's last collective bargaining agreement with Roofers Local 162 expired on July 31, 2010); (Def.'s Mot. Stay (#15) at 3) ("AWF denies having a CBA with Roofers Local 162 from July 31, 2010, to the present."); *see also* FED. R. CIV. PRO. 8(b)(6) (stating that allegations not denied are deemed admitted).

A.W. Farrell has similarly failed to make a strong showing that it is likely to succeed on the merits for the period after July 31, 2010 because, under current law, A.W. Farrell and Local 162 are bound to a collective bargaining agreement. *See A.W. Farrell & Son, Inc.*, 359 NLRB No. 154 (July 11, 2013). Although A.W. Farrell appealed the Board's decision, and although A.W. Farrell argues in this court that it was not bound to a collective bargaining agreement after July 31, 2010, the Board's decision remains law. *See* 29 U.S.C. § 160(f)–(g) (providing that an appeal of the Board's decision "shall not . . . operate as a stay of the Board's order").

In an effort to avert this conclusion, A.W. Farrell argues that section 160 "does not address the unique Constitutional issue of whether the [Board] had authority to issue the decision" in *A.W. Farrell & Son, Inc.*, 359 NLRB No. 154 (July 11, 2013). (*See* #19 at 3). This argument is meritless. Permitting a party to stay the Board's decision simply because the party raises a "unique Constitutional issue" would impermissibly provide that party with a veto power over any decision the Board issues.

Moreover, whether or not the U.S Supreme Court affirms or overturns *Noel Canning*, and whether or not the Board that overturned Judge Parke's decision lacked a properly constituted quorum under 29 U.S.C. § 160, the parties will still have to litigate the precise amount of contributions that A.W. Farrell owes Plaintiffs for the period before July 31, 2010. The court, therefore, finds that granting a stay is inappropriate.

### B.     *A.W. Farrell will not be Irreparably Injured Absent a Stay*

With regard to the second element, A.W. Farrell contends that it "will be unnecessarily prejudiced" absent a stay because A.W. Farrell "would . . . be required to pay monies" for Local 162 for the same hours that it has already made contributions for a different union. (*See* #15 at 7); (#19 at 8). This argument is meritless.

The court's denial of a stay is not tantamount to requiring A.W. Farrell to make contributions to the trust funds. The question currently before the court is whether A.W. Farrell would be irreparably injured without a stay. The question is not, as A.W. Farrell frames it, whether A.W. Farrell would be irreparably injured if it is found liable for delinquent contributions under the terms of the collective bargaining agreement. Moreover, even if the court ordered A.W. Farrell to make contributions to the trust funds it would do so because A.W. Farrell is legally obligated to make contributions. Compliance with the law does not constitute a hardship. *See, e.g.*, *Mitchell v. Pidcock*, 299 F.2d 281, 287 (5th Cir. 1962) (stating that compliance with federal law does not constitute a hardship for it only "requires the defendants to do what the Act requires anyway—to comply with the law").

### C.     *Granting a Stay Could Injure Local 162*

With regard to the third element, the court finds that granting a stay is inappropriate because further delay risks injuring Local 162. In order to satisfy its fiduciary duties, trust-fund Plaintiffs require accurate records regarding A.W. Farrell's contributions and employment history. (*See* #18 at 6). Staying the instant matter would permit A.W. Farrell to withhold from producing these records. (*Id*.) This, in turn, exposes Local 162's pension, health, and welfare trust funds to unnecessary financial uncertainty.

### D.     *A.W. Farrell has not Demonstrated that the Public Interest Favors a Stay*

With regard to the fourth element, A.W. Farrell failed to filed points and authorities arguing that the public interest favors granting the stay. Local Rule 7-2(d) provides, "[t]he failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the

1  motion." *See also Nken*, 556 U.S. at 434 (stating that the first two elements governing motions to stay
2  pending appeal "are the most critical"). The court, therefore, finds that A.W. Farrell has failed to satisfy
3  the standard governing motions to stay pending appeal.
4       ACCORDINGLY, and for good cause shown,
5       IT IS ORDERED that A.W. Farrell's Motion to Stay (#15) is DENIED.
6       IT IS SO ORDERED.
7       DATED this 9th day of September, 2013.

                                                                                                 CAM FERENBACH
                                                                                                 UNITED STATES MAGISTRATE JUDGE