# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BOARD OF TRUSTEES OF THE
NATIONAL ROOFING INDUSTRY
PENSION FUND, et al.,

        Plaintiff(s),

v.

A.W. FARRELL & SON, INC.,

        Defendant(s).

2:13-CV-825 JCM (VCF)

## ORDER

Presently before the court is defendant A.W. Farrell & Son, Inc.'s ("Farrell") motion to dismiss. (Doc. # 9). Plaintiffs Board of Trustees of the National Roofers Union and Employers Joint Health and Welfare Fund have filed a response (doc. # 13) and Farrell has filed a reply (doc. # 14).

**I.  Background**

This matter involves a collective bargaining dispute under section 502 of the Employee Retirement Income Security Act, 29 U.S.C. § 1132, and section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

Plaintiffs, who are pension, health, and welfare fund trustees for United Union of Roofers, Waterproofers, and Allied Workers Local 162 ("Local 162"), allege that Farrell breached its obligation under a collective bargaining agreement to make contributions and participate in a fund audit from 2006 to the present. Farrell concedes that it had a collective bargaining agreement with

**James C. Mahan**
**U.S. District Judge**

Local 162 from 2006 to July 31, 2010, but denies that it had a collective bargaining agreement with Local 162 from August 1, 2010, to present.

Before plaintiffs filed their complaint in this matter, Local 162 filed an unfair labor practice charge against Farrell with the National Labor Relations Board ("NLRB"). *See A.W. Farrell & Son, Inc.*, 28- CA-023502, 28-CA-060627, and 28-CA-062301. The same question that is at issue in this matter—namely, whether Farrell had a collective bargaining agreement with Local 162 from August 1, 2010, to present—was litigated by Local 162 before the NLRB. *Id*.

On December 28, 2011, Administrative Law Judge Lana Parke ruled that Farrell did not have an agreement with Local 162. *Id*. Local 162 appealed to the NLRB, which reversed Judge Parke's decision and held that Farrell did have an agreement with Local 162 from August 1, 2010, to the present. *See A.W. Farrell & Son, Inc.*, 359 NLRB No. 154 (July 11, 2013). Before the NLRB overturned Judge Parke's decision, plaintiffs filed suit in this court.

Farrell has filed the instant motion to dismiss, arguing that this court does not have subject matter jurisdiction to hear this case. (Doc. # 9) (citing *Laborers Health & Welfare Trust Fund for N. Cal. v. Advanced Lightweight Concrete Co., Inc.*, 484 U.S. 539, 549–51 (1988)).

**II.    Legal Standard**

Fed. R. Civ. P. 12(b)(1) permits a party to assert, by motion, as a defense to a claim for relief the absence of subject matter jurisdiction. When presented as a factual challenge, a Rule 12(b)(1) motion can be supported by affidavits or other evidence outside of the pleadings. *United States v. LSL Biotechs*, 379 F.3d 672, 700 n. 14 (9th Cir. 2004) (citing *St Clair v. City of Chicago*, 880 F.2d 199, 201 (9th Cir. 1989)).

"A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

. . .

. . .

- 2 -

James C. Mahan
U.S. District Judge

### III. Discussion

The NLRB reversed Judge Parke's decision some time between the filing of the instant motion to dismiss and the filing of plaintiffs' response. In addition to requesting a stay in its reply in support of the motion to dismiss, Farrell filed a separate motion requesting this action be stayed until the U.S. Supreme Court reviews *Noel Canning v. NLRB*, 705 F.3d 490 (D.C. Cir. 2013), *cert. granted*, 81 U.S.L.W. 3629 (U.S. June 24, 2013) (No. 12-1281).

In *Noel Canning*, the D.C. Circuit held that the same board that reversed Judge Parke's decision lacked a properly constituted quorum under 29 U.S.C. § 160. That court found that President Obama's January 4, 2012, recess appointments to the board violated the executive's appointment power under Article II, Section II, Clause 3 of the U.S. Constitution. *Noel Canning*, 705 F.3d at 490. Relying on that appeal, Farrell asked the court to stay this action until the U.S. Supreme Court decides whether the board's decision was valid. The magistrate judge appropriately declined to do so. (*See* doc. # 20).

Under the law as it stands today, Farrell and Local 162 are bound to a collective bargaining agreement. *See A.W. Farrell & Son, Inc.,* 359 NLRB No. 154 (July 11, 2013). Although Farrell appealed the board's decision, and although Farrell argues here that it was not bound to a CBA after July 31, 2010, the board's decision remains law. *See* 29 U.S.C. § 160(f), (g) (providing that an appeal of the board's decision "shall not. . .operate as a stay of the board's order.").

Because Farrell's motion to dismiss is entirely premised upon the NLRB's initial decision, which has since been overruled, Farrell has failed to establish this court lacks jurisdiction to hear these claims.

### IV. Conclusion

As the law stands now, plaintiff has sufficiently stated a claim upon which relief can be granted. Defendant's motion to dismiss is denied.

. . .

. . .

. . .

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (doc. # 9) be, and the same hereby is, DENIED without prejudice.

DATED February 6, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -