UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE NATIONAL ROOFING INDUSTRY PENSION FUND AND NATIONAL ROOFERS UNION AND EMPLOYERS JOINT HEALTH AND WELFARE FUND,<br><br>Plaintiff(s),<br><br>v.<br><br>A.W. FARRELL & SON, INC.,<br>Defendant(s). | Case No. 2:13-CV-825 JCM (VCF)<br><br>ORDER |

Presently before the court is a motion for partial summary judgment submitted by defendant A.W. Farrell & Son, Inc. ("AWF"). (Doc. # 31). The board of trustees of both the National Roofing Industry Pension Fund and the National Roofers Union and Employers Joint Health and Welfare Fund (collectively "the board") filed a response. (Doc. # 37). AWF filed a reply, (doc. # 40), and a controverting and supplemental statement of facts in support of this reply, (doc. # 41).

Also before the court is defendant AWF's motion to submit a supplemental briefing, (doc. # 43), which seeks to amend a portion of AWF's motion for partial summary judgment, (doc. # 31). Plaintiff did not file a response.

**I.    Background**

This case arises out of a series of collective bargaining agreements ("CBAs") between the United Union of Roofers, Waterproofers and Allied Workers, Local 162 ("Local 162") and one of its former employers, defendant AWF. (Doc. # 1 at 2). Plaintiff is the board of trustees for the trust funds for the employee benefit plans between AWF and Local 162. (Doc. # 1 at 2). Plaintiff claims

that AWF violated the CBAs by allegedly refusing to allow plaintiff to audit the AWF's records in order to ensure AWF's "prompt and correct payment of all Fund contributions . . . ." (Doc. # 1 at 6).

AWF began operating in Las Vegas, Nevada in June 2007. (Doc. # 31 at 4). It entered into a CBA dated August 1, 2005, through July 31, 2007, ("2005–2007 CBA"), which was not applicable to AWF until the company executed the agreement on June 27, 2007.[1] (Doc. # 1-3; doc. # 31 at 5). AWF and Local 162 then executed a successor CBA effective from August 1, 2007, through July 31, 2010 ("2007–2010" CBA). (Doc. # 37 at 2).

Throughout May and June of 2010, AWF and other roofing contractors met with Local 162 to negotiate a new CBA for the period of August 1, 2010, through July 31, 2012 ("2010–2012 CBA"). (Doc. # 31 at 2). While AWF never signed this CBA, the National Labor Relations Board ("NLRB") recently affirmed its previously vacated 2013 decision, which found that AWF was bound by the terms of the 2010–2012 CBA and ordered AWF to "execute and implement" this CBA.[2] *A.W. Farrell & Son, Inc. & United Union of Roofers, Waterproofers, & Allied Workers, Local 162 & Sheet Metal Workers Int'l Ass'n, Afl-Cio, Local No. 88*, 361 NLRB No. 162 (Dec. 16, 2014).

This CBA was the last agreement negotiated between AWF and Local 162. In a letter dated April 28, 2011, AWF informed Local 162 that the company had "elected not to renew its collective bargaining agreement with Roofers Local 162 . . . and [would] terminate its relationship with Roofers Local 162 effective April 30, 2011." (Doc. # 35 at 4; doc. # 37 at 3).

Subsequently, plaintiff filed suit pursuant to section 502 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. § 1132) and section 301 of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185). (Doc. # 1 at 1–2). Plaintiff makes the following claims and request for relief: (1) AWF failed to comply with plaintiff's request to audit AWF's records

---

[1] It is not clear to the court why the agreement was backdated to a period before AWF began operating in Las Vegas. However, plaintiff does not challenge AWF's assertion that the 2005–2007 CBA applied to AWF only after June 27, 2007.

[2] This decision involves a complex procedural history which will be described in greater detail below.

James C. Mahan
U.S. District Judge

- 2 -

in order to ascertain whether payments were promptly and correctly made to the employee benefit plan trust funds for Local 162; (2) this failure violated provisions of the CBAs governing the employee benefit plans, thus constituting a breach of contract; and (3) accordingly, the court should grant an injunction ordering AWF to submit to an audit, pay any necessary contributions, and pay any associated damages. (Doc. # 1 at 6–9).

## II.     Legal standard

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.   Discussion**

Defendant AWF seeks partial summary judgment, arguing that this court lacks jurisdiction to hear the portions of plaintiff's claims relating to the periods of time where no CBA existed between AWF and Local 162. AWF bases this assertion on *Laborers Health & Welfare Trust Fund for N. California v. Advanced Lightweight Concrete Co.*, where the U.S. Supreme Court held that a district court's jurisdiction under ERISA claims "is limited to the collection of 'promised contributions'" (i.e., contractual obligations between an employer and union pursuant to a CBA). 484 U.S. 539, 549 (1988).

The Supreme Court distinguished between suits based on contractual obligations and suits related to an employer's unilateral change to the terms and conditions of employment *after* a CBA expires, while the parties are negotiating a new agreement. *Id*. This latter suit involves allegations

of unfair labor practices in violation of the National Labor Relations Act ("NLRA"), over which the NLRB has exclusive jurisdiction. *Id*. at 544–45.

AWF argues that under *Advanced Lightweight Concrete Co.*, this court lacks jurisdiction to hear any claims prior to June 27, 2007, before AWF had contractual obligations to Local 162 under the 2005–2007 CBA. Conversely, AWF does not challenge the existence or validity of the 2007–2010 CBA and did not move for summary judgment for this time period. (Doc. # 31 at 1–2). When AWF first filed its motion, it challenged the court's jurisdiction to hear any claims after August 1, 2010, when the 2007–2010 CBA expired. While AWF and Local 162 negotiated a 2010–2012 CBA, AWF never signed the agreement and has thus alleged that it is not bound to this agreement. However, the NLRB recently issued a decision recognizing this agreement, and AWF has accordingly moved to amend its original motion for partial summary judgment. The court will discuss this issue below.

Finally, AWF asserts that regardless of the NLRB's decision on the 2010–2012 CBA, this agreement expired July 31, 2012. (Doc. # 31 at 9–10). Since this was the last CBA that AWF and Local 162 ever sought to create, AWF argues that the court lacks jurisdiction to hear claims arising after this date. Because this argument is identical to AWF's argument for the claims prior to June 27, 2007, the court will address these time periods separately from the 2010–2012 CBA.

**A.     Claims prior to June 27, 2007, and claims after July 31, 2012**

The Federal Rules of Civil Procedure require a party moving for summary judgment to identify "each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56. Contrary to AWF's characterization of plaintiff's claims, plaintiff's complaint never asserts a claim for relief for periods preceding the 2005–2007 CBA or subsequent to the 2010–2012 CBA. Plaintiff's only reference to an audit during any portion of these time periods was in its response to AWF's motion for partial summary judgment. There, plaintiff asserted that it would "need to review not only the records during the period covered by a collective bargaining agreement, but also a three month period before and after that to see if the employer shifted hours that were worked during the covered period to periods prior or later in order to avoid paying contributions owed." (Doc. # 37 at 12).

James C. Mahan
U.S. District Judge

- 5 -

1     Regardless, the court finds that the three-month periods prior to June 27, 2007, and after July 31, 2012, are not distinct claims that plaintiff asserted. The court will therefore deny AWF's motion for partial summary judgment in regards to these time periods.

### B.     2010–2012 CBA (August 1, 2010, through July 31, 2012) / AWF's motion to file supplemental briefing regarding this time period

    Prior to the board's filing its complaint before this court, Local 162 filed an unfair labor practice charge against AWF with the NLRB. (Doc. # 37 at 4; *see A.W. Farrell & Son, Inc.*, 28-CA-023502, 28-CA-060627, and 29-CA-062301). The parties litigated whether the unsigned 2010–2012 CBA was valid and binding for AWF. The administrative law judge ruled that it was not. (Doc. # 37 at 4). Local 162 appealed this decision to the NLRB, which reversed and ordered AWF to "[c]ease and desist from . . . [f]ailing and refusing to execute and implement . . . the 2010–2012 collective-bargaining agreement agreed to by" AWF. *A.W. Farrell & Son, Inc.*, 359 NLRB No. 154 (July 11, 2013).

    However, on June 26, 2014, the U.S. Supreme Court issued its decision in *National Labor Relations Board v. Noel Canning*, finding that President Barack Obama did not have authority to make "recess appointments" to the NLRB during 2012. 134 S. Ct. 2550, 2578 (2014). Accordingly, judgments rendered by the NLRB during this time period were vacated and set to be reheard before the duly constituted NLRB. In AWF's original motion for partial summary judgment, it asserted that the original administrative law judge's decision, that the 2010–2012 CBA was not valid, was a binding decision. AWF therefore argued that under *Advanced Lightweight Concrete Co.*, this court does not have jurisdiction to hear claims related to the invalid CBA. (Doc. # 31 at 8–9).

    Since AWF's motion, the NLRB rendered a new decision, affirming and adopting the pre-*Noel Canning* NLRB decision, finding the 2010–2012 CBA valid. *A.W. Farrell & Son, Inc.*, 361 NLRB No. 162 (2014). AWF therefore filed a motion requesting leave to file supplemental briefing, acknowledging this updated decision.[3] (Doc. # 43; exh. A). The court will grant this motion. Because the most recent NLRB decision found that the 2010–2012 CBA was valid, this

---

[3] The court notes that AWF incorrectly filed its "motion to submit supplemental briefing" as a "supplement to [its] motion for partial summary judgment."

**James C. Mahan**
**U.S. District Judge**

court has jurisdiction to hear plaintiff's ERISA claim related to this time period. Accordingly, the court will deny AWF's motion for partial summary judgment regarding the 2010–2012 CBA.

Despite AWF's voluntary withdrawal of this portion of its motion, AWF asserts that the NLRB decision is appealable, and that "[i]t may make sense to stay this case until the final resolution of the NLRB matter . . . ." (Doc. # 43; exh. A at 3). However, AWF has not submitted any notice of appeal to this court since filing its supplemental briefing. The court will not consider AWF's casual suggestion that the court stay this case as a proper motion. *See* Special Order 109(III)(F)(4) ("A separate document must be filed for each type of document or purpose.").

### IV. Conclusion

Based on the above analysis, the court will deny AWF's motion for partial summary judgment, (doc. # 31), as to the periods prior to June 27, 2007, and after July 31, 2012. The court will grant AWF's motion to submit supplemental briefing, (doc. # 43), and will accordingly deny its motion for partial summary judgment, (doc. # 31), regarding the 2010–2012 CBA.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that AWF's motion for partial summary judgment, (doc. # 31), as to the periods prior to June 27, 2007, and after July 31, 2012, be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that AWF's motion to submit supplemental briefing, (doc. # 43), is GRANTED.

IT IS FURTHER ORDERED that AWF's motion for partial summary judgment, (doc. # 41), regarding the 2010–2012 CBA is DENIED.

DATED May 28, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**