WALTER R. CANNON, ESQ.
Nevada Bar No. 001505
OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 – Telephone
(702) 383-0701 – Fax

Julie A. Pace (AZ Bar 014585)
Jpace@cavanaghlaw.com
Heidi Nunn-Gilman (AZ Bar 023971)
hnunngilman@cavanaghlaw.com
THE CAVANAGH LAW FIRM, PA
1850 N. Central Avenue, Suite 2400
Phoenix, Arizona 85004
Telephone: (602) 322-4046
Facsimile: (602) 322-4101
Attorneys for A.W. Farrell & Son, Inc.

Kristina L. Hillman
LAW OFFICES OF KRISTINA L. HILLMAN
1594 Mono Avenue
PO Box 1987
Minden, Nevada 89423
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| The Board of Trustees of the National Roofing Industry Pension Fund and National Roofers Union and Employers Joint Health and Welfare Fund<br><br>Plaintiffs,<br><br>v.<br><br>A.W. Farrell & Son, Inc., a New York Corporation<br><br>Defendant. | No. 2:13-CV-825-JCM-VCF<br><br>**JOINT MOTION/STIPULATION FOR STAY BASED ON PENDING NINTH CIRCUIT CASE AND POTENTIAL SETTLEMENT** |

Plaintiffs The Board of Trustees of the National Roofing Industry Pension Fund and the National Roofers Union and Employers Joint Health and Welfare Fund

("Plaintiffs" or "Benefits Funds") and Defendant A.W. Farrell & Son, Inc. ("Defendant" or "AWF"), do hereby stipulate and request the Court stay this action pending the resolution of *National Labor Relations Board v. A.W. Farrell & Son, Inc.*, Case No. 15-70963, currently pending before the Ninth Circuit Court of Appeals ("Ninth Circuit Case"). Attached as Exhibit A is the Time Schedule Order from the Ninth Circuit Court of Appeals establishing the briefing schedule for the case.

The parties further stipulate that all discovery and other deadlines in this matter shall be stayed until the Court issues an order relating to this Stipulation/Joint Motion to Stay.

I. **THE PARTIES RESPECTFULLY REQUEST THAT THE COURT EXERCISE ITS DISCRETION TO STAY THIS CASE PENDING RESOLUTION OF THE NINTH CIRCUIT CASE RELATING TO KEY ISSUES IN THE PRESENT CASE.**

A. **A Decisive Factual Issue in This Case is Currently Pending before the Ninth Circuit & the Parties are Working Towards Resolution.**

As the Court is aware, a decisive factual issue in this case is whether AWF is bound by a collective bargaining agreement for the time period from August 1, 2010, through July 31, 2012 ("2010-2012 Agreement"). This issue was the subject of a decision by the National Labor Relations Board, issued on December 16, 2014, which was provided to the Court on January 2, 2015. [Dkt. # 42]. The National Labor Relations Board held that AWF had agreed to the 2010-2012 Agreement. The matter was submitted to the Ninth Circuit Court of Appeals and is currently pending before the Ninth Circuit.

Additionally, the parties are working in good faith towards a settlement of this matter and believe a settlement has been achieved in principle. The parties to *NLRB v. A.W. Farrell & Son* are working with the Ninth Circuit mediation program and believe that a resolution of that matter will be achieved. When the Ninth Circuit matter is resolved, the pending case is likely to be expeditiously resolved.

B. **The Power To Stay is Discretionary with the Court.**

The power to stay is well established and particularly apt here. It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also, Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983) (finding that trial court possesses inherent power to control its docket and calendar); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (finding the decision to grant a stay is "within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency.").

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). It is not necessary that the parties and issues in two actions be identical to support the exercise of the Court's power to grant a stay. *Landis*, 229 U.S. at 254.

When deciding whether to issue a stay, courts consider: (1) judicial economy and the judicial resources that would be saved avoiding duplicative litigation; (2) prejudice to the non-moving party, and (3) the hardship and inequity to the moving party if a stay is not granted. *Rivers*, 980 F. Supp. at 1360; *see also Wiedeman v. DePuy Orthopaedics, Inc.*, 2012 WL 3536686 (D. Nev., Aug. 14, 2012) (same).

C. **A Stay of This Matter Will Promote Judicial Economy.**

A stay of this matter pending resolution of the Ninth Circuit Case will promote judicial economy. The interests of judicial economy are not well served when, despite a lack of complete identity of parties, there are "overlapping issues and common questions of law and fact" and the "determination of the prior action may dispose of or limit issues

which are involved in the subsequent action." *Belopolsky v. Renew Data Corp.*, 837 N.Y.S.2d 154, 155 (2007) (citations omitted). Courts consequently stay an action to avoid the unnecessary work and the possibility of inconsistent rulings present in these situations. See *Rivers*, 980 F.Supp. at 1360-61. A case deciding a key issue in the present matter is pending before the Ninth Circuit. It promotes judicial economy to stay this case pending resolution of the Ninth Circuit case rather than having to litigate the validity of the 2010-2012 Agreement in this Court.

Staying this case pending resolution of the Ninth Circuit Case also minimizes the risk of this Court potentially reaching a different outcome than the Ninth Circuit Court of Appeals. Avoiding potentially inconsistent results and obligations is one reason courts grant a stay, as should be done in this case. *See e.g., Choice Const., Inc. v. JMR Const. Corp.*, 2012 WL 2904239 (D. Nev., July 16, 2012) (finding that principles of judicial economy and a desire for consistency in judicial decision-making supported staying the action); *Wiedeman*, 2012 WL 3536686 at 5 (granting stay to promote judicial economy and avoid the risk on inconsistent judgments).

### D. A Joint Request for a Stay Demonstrates No Prejudice to Either Party.

When deciding whether to issue a stay, in addition to judicial economy court will consider prejudice to the non-moving party and the hardship and inequity to the moving party if a stay is not granted. *Rivers*, 980 F. Supp. at 1360. In this instance, both Plaintiffs and Defendant request a stay. There is no non-moving party and no prejudice to either party from granting the stay. Further, both Plaintiffs and Defendants will be placed in a position where they must spend time and fees litigating a matter before this Court that is currently being argued before the Ninth Circuit Court of Appeals. It promotes economy for both parties to grant the stay.

## II. CONCLUSION.

The parties jointly request that to promote judicial economy and provide opportunity for resolution of the Ninth Circuit Case that the Court stay this action pending

the resolution of the Ninth Circuit Case. The parties further stipulate and request that all discovery and other deadlines in this matter shall be stayed until the Court issues an order relating to this Stipulation/Joint Motion to Stay

    RESPECTFULLY SUBMITTED this ___ day of July, 2015.

LAW OFFICES OF KRISTINA L. HILLMAN

By: s/ Kristina L Hillman (with permission)
    Kristina L. Hillman

Attorneys for Plaintiffs The Board of Trustees of the National Roofing Industry Pension Fund and National Roofers Union and Employers Joint Health and Welfare Fund

OLSON, CANNON, GORMLEY ANGULO & STOBERSKI

By: s/ Walter Cannon
    Walter Cannon

THE CAVANAGH LAW FIRM

By: s/ Julie A. Pace
    Julie A. Pace
    Heidi Nunn-Gilman

Attorneys for Defendant A.W. Farrell & Son, Inc.

IT IS SO ORDERED:

UNITED STATES MAGISTRATE JUDGE, CAM FERENBACH

DATED: August 5, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2015, I electronically transmitted the attached to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Kristina L. Hillman
> Law Offices of Kristina L. Hillman
> 1594 Mono Avenue
> PO Box 1987
> Minden, Nevada 89423
> Attorney for Plaintiffs

*/s/ [signature]*

THE CAVANAGH LAW FIRM, P.A.
LAW OFFICES
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

AW Farrell Benefits Fund Stipulation-Joint Motion to Stay Case Pending Ninth Circuit Case.DOC

6